IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHARLES C. HUCKS, JR. and CHARLES C. HUCKS, SR., | § § § | |
| Plaintiffs, | § § | |
| | § | C. A. No. 08- 08-136 |
| v. | § § | |
| OFFICER MICHAEL JOSEPH CARNAVALLE, OFFICER BYRON FITZWATER, and OFFICER VINCENT A. ZULLO, and NEW CASTLE COUNTY, | § § § § § § | Jury Trial Demanded |
| Defendants. | § | |

## COMPLAINT

### JURISDICTION

This Court has original jurisdiction over this matter that is brought to address the deprivation of rights, privileges and immunities covered by the Constitution and laws of the United States pursuant to 28 U.S.C. §§ 1331, 1343. The Federal issues involved arise under 42 U.S.C. § 1983. This Court has supplemental jurisdiction over all other claims asserted herein pursuant to 28 U.S.C. § 1367, in that they are related to those issues over which original jurisdiction in conferred and are part of the same controversy.

### PARTIES

1. Plaintiff, Charles Christopher Hucks, Jr. is an 18-year-old African-American and is a citizen of the State of Delaware residing in New Castle County. His address is 1323 East 24th Street, Wilmington, Delaware 19802. (Hereafter Charles, Jr.) Charles Jr. was born December 25, 1989 and on or about July 2, 2007, the time of the incidents which are the subject of this complaint, Charles Jr. was a minor aged 17. Charles, Jr. is of slight build (5 ft. tall, weight 110)

and has been disabled from birth. Prior to July 2, 2007, Charles, Jr. had never been convicted of any offense nor ever been arrested. He was, and continues to be a Special Education student at William Penn High School. Prior to July 2, 2007, Charles, Jr. had recently injured his left leg which still had numerous stitches which caused him to walk with a pronounced limp.

    2. Charles C. Hucks, Sr. is an African-American and is a citizen of the State of Delaware residing in New Castle County. His address is 302 Second Street, New Castle, Delaware 19720. (Charles, Sr.) Charles, Sr. is the father of Charles, Jr. and was responsible for and paid medical bills for injuries Charles, Jr. suffered as a result of the incidents which are the subject of this Complaint, when Charles, Jr. was a minor.

    3. Defendant Officer Michael J. Carnavalle (hereafter Defendant Carnavalle) is an employee of New Castle County working as an officer for the New Castle County Police Department.

    4. Defendant Byron Fitzwater (hereafter Defendant Fitzwater) is an employee of New Castle County working as an officer for the New Castle County Police Department.

    5. Defendant Vincent A. Zullo (hereafter Defendant Zullo) is an employee of New Castle County working as an officer for the New Castle County Police Department.

    6. Defendant New Castle County is a political subdivision of the State of Delaware (hereafter County). County maintains the police department and is charged with, *inter alia*, the duty to supervise, manage and control its police department and its officers in order to prevent the violation of the civil rights of the citizens of the United States and the State of Delaware. Defendant County is an autonomous entity with the power and authority to sue and be sued. Defendant County is the employer and principal of Defendants Carnavalle, Fitzwater and Zulu and is responsible for their training and supervision. The activities of those individual

Defendants constitutes actions of Defendant County, carried out on its behalf and in furtherance of its goals and directions.

## GENERAL ALLEGATIONS

7. On July 1, 2007, Charles, Jr. was visiting his cousins Kwamee and Kwamir Mims (twins). They live at 51 North Pennewell Drive, Wilmington, Delaware 19809, in the Edgemoor Gardens area of New Castle County, Delaware.

8. At some point after 10 PM on July 1, 2007, Charles, Jr., his two cousins, and another friend, all African-American teens, began walking down Rysing Drive from the area near the Mims house toward a 7-11 store on Governor Printz Boulevard to make purchases.

9. At no time on that date did Charles, Jr. or any of his friends commit any criminal violation or offense. None of them were disorderly in any way and none of them blocked the ingress or egress to any residence or other property.

10. At approximately 10:30 PM on July 1, 2007, at or near the intersection of Rysing Drive and North Cannon Drive, Defendant Carnavalle, without explanation or any basis in law or fact and without legal authority ordered Charles, Jr. and his friends to leave the area.

11. Charles, Jr. and his friends complied and continued down Rysing Drive towards Governor Printz Boulevard, where the 7-11 was located and in fact entered the 7-11 to make purchases.

12. At approximately 12:20 AM on July 2, 2007, Charles, Jr. and his friends were returning from the 7-11, walking up Rysing Drive toward the Mims residence on Pennewell Drive.

13. At approximately 12:20 AM on July 2, 2007, at or near the intersection of North Rodney Drive and Rysing Drive, Charles, Jr. and his friends were confronted by Defendant

3

Carnavalle. Defendant Carnavalle addressed Charles, Jr., stating something to the effect "didn't I tell you to go home earlier?" Officer Carnavalle blocked Charles, Jr.'s path, grabbed him by the arm and then the neck choking Charles, Jr. When Charles, Jr. attempted to protect himself from being choked, another Officer, Defendant Zullo, together with Officer Carnavalle, drove Charles, Jr. face first to the ground, punching and beating him and sitting upon him.

14. While Charles, Jr. was on the ground being beaten by the Officers, Defendant Fitzwater arrived and used his taser on Charles, Jr.

15. The Officers then together placed Charles, Jr. in handcuffs.

16. As a result of the illegal and unjustified attacks by Defendants Carnvalle, Zullo and Fitzwater, Charles, Jr. suffered severe injuries including severe contusions, bruises, and a severely sprained left arm and other injuries to his legs and back.

17. At no time did any of the Defendant Officers observe Charles, Jr. or any of his friends engaging in any illegal conduct or blocking the ingress or egress to any property.

18. At no time did any of the Defendant Officers ask Charles, Jr. his business abroad; ask for any identification, ask for his residence or where he was staying.

19. At no time did any of the Defendant Officers tell Charles, Jr. he was under arrest or ask him to hold out his hands so he could be handcuffed.

20. At no time did Charles, Jr. resist the Officers.

21. Charles, Sr., Charles, Jr.'s father, was responsible for and paid medical bills related to treatment for Charles, Jr.'s injuries incurred due to the actions of Defendants.

22. Charles, Jr. was charged with four offenses (1) offensive touching of a police officer, (2) resisting arrest; (3) loitering, and disorderly conduct. After trial Charles Jr, was aquitted on all counts.

### COUNT ONE
### (SECTION 1983 CLAIM AGAINST DEFENDANT CARNAVALLE)

23. Plaintiffs hereby incorporate be reference the allegations contained in paragraphs 1 through 21 herein.

24. Defendant Carnavalle, on or about July 2, 2007, while acting under color of State law, detained, arrested or took into custody Plaintiff Charles, Jr., without a warrant, without probable cause and without reasonable belief that Charles, Jr. had committed, was committing or was about to commit any crime or that Charles, Jr. had taken any action for which arrest or detainment is legal or appropriate.

25. Defendant Carnavalle, while acting under color of State law, used excessive and unlawful force against Charles, Jr.

26. The actions of Defendant Carnavalle, were done intentionally or with reckless disregard of Plaintiff Charles, Jr.'s rights guaranteed under the Fourth and Fourteenth Amendments to the United State Constitution including his right not to be deprived of life, liberty or property without due process of law, and his right not to be subjected to excessive force.

27. The acts of Defendant Carnavalle were taken against Plaintiff Charles, Jr. because of his race and were done with the purpose and intent of depriving Plaintiff, Charles, Jr. the right to be secure in his person against unreasonable search and seizure and to be accorded the equal

protection of the law as guaranteed under the Fourth and Fourteenth Amendments of the United States Constitution.

28. As a result and proximate cause of the acts of Defendant Carnavalle, who was acting under color of law, Plaintiff Charles, Jr.:

a. Suffered great and significant and continuing physical and emotional distress, harm, anguish, shame and humiliation; and

b. Incurred and continues to incur medical expenses.

## COUNT TWO
## (SECTION 1983 CLAIM AGAINST DEFENDANT FITZWATER)

29. Plaintiffs hereby incorporate be reference the allegations contained in paragraphs 1 through 27 herein.

30. Defendant Fitzwater, on or about July 2, 2007, while acting under color of State law, unlawfully detained, arrested or took into custody Plaintiff Charles, Jr., without a warrant, without probable cause and without reasonable belief that Charles, Jr. had committed, was committing or was about to commit any crime or that Charles Jr. had taken any action for which arrest or detainment is legal or appropriate.

31. Defendant Fitzwater, while acting under color of State law, used excessive force against Charles, Jr.

32. The actions of Defendant Fitzwater were done intentionally or with reckless disregard of Plaintiff Charles, Jr.'s rights guaranteed under the Fourth and Fourteenth Amendments to the United State Constitution including his right not to be deprived of life, liberty or property without due process of law, and his right not to be subjected to excessive force.

6

33. The acts of Defendant Fitzwater were taken against Plaintiff Charles, Jr. because of his race and were done with the purpose and intent of depriving Plaintiff, Charles, Jr. the right to be secure in his person against unreasonable search and seizure and to be accorded the equal protection of the law as guaranteed under the Fourth and Fourteenth Amendments of the United States Constitution.

34. As a result and proximate cause of the acts of Defendant Fitzwater, who was acting under color of law, Plaintiff Charles, Jr.:

a. Suffered great and significant and continuing physical and emotional distress, harm, anguish, shame and humiliation; and

b. Incurred and continues to incur medical expenses.

## COUNT THREE
## (SECTION 1983 CLAIM AGAINST DEFENDANT ZULLO)

35. Plaintiffs hereby incorporate be reference the allegations contained in paragraphs 1 through 33 herein.

36. Defendant Zullo, on or about July 2, 2007, while acting under color of State law, unlawfully detained, arrested or took into custody Plaintiff Charles, Jr., without a warrant, without probable cause and without reasonable belief that Charles, Jr. had committed, was committing or was about to commit any crime or that Charles, Jr. had taken any action for which arrest or detainment is legal or appropriate.

37. Defendant Zullo, while acting under color of State law, used excessive force against Charles, Jr.

38. The actions of Defendant Zullo were done intentionally or with reckless disregard of Plaintiff Charles, Jr.'s rights guaranteed under the Fourth and Fourteenth Amendments to the

7

United State Constitution including his right not to be deprived of life, liberty or property without due process of law, and his right not to be subjected to excessive force.

39. The acts of Defendant Zullo were taken against Plaintiff Charles, Jr. because of his race and were done with the purpose and intent of depriving Plaintiff, Charles, Jr. the right to be secure in his person against unreasonable search and seizure and to be accorded the equal protection of the law as guaranteed under the Fourth and Fourteenth Amendments of the United States Constitution.

40. As a result and proximate cause of the acts of Defendant Zullo, who was acting under color of law, Plaintiff Charles, Jr.:

a. Suffered great and significant and continuing physical and emotional distress, harm, anguish, shame and humiliation; and

b. Incurred and continues to incur medical expenses.

### COUNT FOUR
### (SECTION 1983 CLAIM AGAINST DEFENDANT NEW CASTLE COUNTY)

41. Plaintiff hereby re alleges and incorporates by reference the allegations contained in paragraphs 1 through 39 herein.

42. At all times relevant to this action, Defendants Carnvalle, Zullo and Fitzwater were employees of Defendant County and were acting for or on behalf of Defendant County. Defendant County knew, or should have known of the actions of its employees which were within the control and supervision of Defendant County.

43. While Defendant County knew, or should have known the actions of Defendants Carnavalle, Zullo and Fitzwater included deprivations of Charles, Jr.'s constitutionally guaranteed civil rights and constituted battery and false arrest.

8

44. Defendant County showed a deliberate indifference to the well being and constitutional rights and welfare of Charles, Jr.

45. By the acts and/or omissions of Defendant County, an atmosphere was created conducive to the aforesaid illegal and unconstitutional actions of Defendants Carnavalle, Zullo and Fitzwater, which demonstrate a complete disregard by Defendant County of a risk known or which should have been known, and a deliberate indifference to the constitutional rights and welfare of Charles, Jr. and others.

46. Defendant County, negligently, intentionally, willfully, and/or wantonly, has failed to adequately train and/or supervise its officers, specifically Defendants Carnavalle, Zullo and Fitzwater. This failure to train and/or supervise was a cause of the illegal and unconstitutional actions taken against Charles, Jr. and which constitutes illegal unconstitutional actions and deliberate indifference to the welfare and constitutional rights of Charles, Jr. and others.

47. Defendant County approved adopted and ratified the illegal and unconstitutional actions of Defendants Carnavalle, Zullo and Fitzwater.

48. Defendant County's actions and/or omissions as aforesaid were under color of State law and constitute a policy or practice of the County and amount to a violation of Plaintiff Charles, Jr.'s right to be secure in his person against unreasonable search, seizure and arrest, his right not to be subjected to the use of excessive force and his right not to be deprived of life, liberty or property without due process of law as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

49. The acts and/or omissions of Defendant County as aforesaid were under color of State law, and constitute a policy or practice of the County and were done with the purpose and intent of depriving Plaintiff of his rights due to his race, thereby depriving Plaintiff of his right to

be secure in his person and property, against unreasonable search and seizure, the right not to be subjected to excessive force and the right to be accorded due process of law and equal protection of the law as guaranteed for the Fourth and Fourteenth Amendments to the United States Constitution.

50. As a result and as a proximate cause of the acts or omissions of Defendant County, Plaintiff Charles, Jr.:

    a. Suffered great and significant and continuing physical and emotional distress, harm, anguish, shame and humiliation; and

    b. Incurred and continues to incur medical expenses.

## COUNT FIVE
## (STATE LAW, FALSE IMPRISONMENT CLAIM AGAINST ALL DEFENDANTS)

51. Plaintiffs Charles, Jr. and Charles, Sr. hereby re allege and incorporate the allegations contained in paragraphs 1 through 49.

52. All Defendants acted intentionally, causing Plaintiff Charles, Jr. to be totally in their control for an unreasonable amount of time within physical boundaries established by Defendants.

53. Defendants' confinement of Plaintiff Charles, Jr. was without consent or legal justification.

54. As a direct and proximate result of Defendants' actions, Plaintiff Charles, Jr. suffered injuries including, but not limited to:

    a. Significant and great physical distress, harm, anguish, shame and humiliation;

    b. Incurred and continues to incur medical expenses.

55. As a direct and proximate result of Defendants' actions, Plaintiff Charles, Sr. became responsible for incurred and paid medical expenses for treatment and care of Charles, Jr.

## COUNT SIX
### (STATE LAW BATTERY CLAIM AGAINST ALL DEFENDANTS)

56. Plaintiffs hereby re allege and incorporate herein by reference the allegations contained in paragraphs 1 through 54 herein.

57. Defendants' intentional physical assault of Plaintiff Charles, Jr. constitutes battery.

58. Defendants had no justification, basis or any valid reason for the violent attack of Plaintiff, Charles, Jr.

59. As a direct and proximate result of Defendants' actions, Plaintiff Charles, Jr. suffered including injuries including, but not limited to:

   a. Significant and continuing physical and emotional distress, harm, anguish, shame and humiliation;

   b. Incurred and continues to incur medical expenses.

60. As a direct and proximate result of Defendants' actions, Plaintiff Charles, Sr. incurred, and made payment of medical expenses for the treatment of injuries suffered by Charles, Jr.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for compensatory and punitive damages, including costs and attorneys fees pursuant to 42 U.S.C. § 1988 and such other relief as is just and appropriate.

BIGGS AND BATTAGLIA

_____
Victor F. Battaglia, Sr.(ID# 156)
921 Orange Street
Wilmington, DE 19801
(302) 655-9677
VictorSr@batlaw.com
Attorney for Plaintiffs

March 7, 2008

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

08 - 136

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Charles S. Hucks, Jr. & Charles S. Hucks, Sr. | Officer Carnavalle, Officer Fitzwater & Officer Zullo & New Castle County |

(b) County of Residence of First Listed Plaintiff **New Castle**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Victor F. Battaglia, Sr  (302) 655-9677
921 N. Orange St. Wilmington, DE 19899

Attorneys (If Known)
Megan Sanfrancesco, (302) 395-5142
87 Reads Way, New Castle DE  19720

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | | | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 530 General | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | IMMIGRATION | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC Section 1983

Brief description of cause:
Plaintiff assaulted and illegally detained and arrested by Police.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE  March 7, 2008
SIGNATURE OF ATTORNEY OF RECORD  [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 08-136

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## NOTICE OF AVAILABILITY OF A
## UNITED STATES MAGISTRATE JUDGE
## TO EXERCISE JURISDICTION

I HEREBY ACKNOWLEDGE RECEIPT OF ___6___ COPIES OF AO FORM 85.

March 7, 2008
(Date forms issued)

_Aimee M. Ragazzo_
(Signature of Party or their Representative)

Aimee M. Ragazzo
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action