IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHARLES C. HUCKS, JR. and CHARLES C. HUCKS, SR., | : | |
| | : | |
| Plaintiffs, | : | C.A. No. 08-136-GMS |
| | : | |
| v. | : | Jury Trial Demanded |
| | : | |
| OFFICER MICHAEL JOSEPH CARNAVALLE[1], OFFICER BYRON FITZWATER and OFFICER VINCENT A. ZULLO, and NEW CASTLE COUNTY, | : | |
| | : | |
| Defendants. | : | |

## **ANSWER**

The introductory paragraph of the Complaint contains legal conclusions regarding the scope and extent of this court's jurisdiction to which no response is required. To the extent a response is deemed required, denied.

1. Defendants lack information and belief sufficient to answer the allegations in paragraph 1 of the Complaint, and, therefore, deny such allegations.

2. Defendants lack information and belief sufficient to answer the allegations in paragraph 2 of the Complaint, and, therefore, deny such allegations.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted only that New Castle County ("County") is a political subdivision of the State of Delaware and that its powers and duties are prescribed by duly adopted laws and

---

[1] The correct spelling of this officer's last name is "Carnevale."

regulations of the State of Delaware and the County. Further admitted that the County employs Officers Carnevale, Fitzwater and Zullo, and that the County provides training for and supervision of its police officers. The remaining allegations contained in paragraph 6 of the Complaint are denied.

7. Defendants lack information and belief sufficient to answer the allegations in paragraph 7 of the Complaint, and, therefore, deny such allegations.

8. Defendants lack information and belief sufficient to answer the allegations in paragraph 8 of the Complaint, and, therefore, deny such allegations.

9. Denied as stated as to plaintiff. Plaintiff was arrested for loitering, offensive touching of a police officer, resisting arrest and disorderly conduct. Defendants lack information and belief sufficient to answer the remaining allegations in paragraph 9 of the Complaint, and, therefore, deny such allegations.

10. Admitted that Officer Carnevale ordered plaintiff to leave the area at or near the intersection of Rysing Drive and North Cannon Drive at approximately 10:30 p.m. on July 1, 2007. The remaining allegations contained in paragraph 10 of the Complaint are denied.

11. Defendants lack information and belief sufficient to answer the allegations in paragraph 11 of the Complaint, and, therefore, deny such allegations.

12. Defendants lack information and belief sufficient to answer the allegations in paragraph 12 of the Complaint, and, therefore, deny such allegations.

13. Admitted only that at approximately 12:20 a.m. on July 2, 2007, at or near the intersection of North Rodney Drive and Rysing Drive, Officer Carnevale and Officer Zullo were arresting plaintiff when he resisted said arrest. The remaining allegations contained in paragraph 13 of the Complaint are denied.

14. Denied as stated.

15. Admitted only that defendants were eventually able to place plaintiff in handcuffs.

16. Denied.

17. Denied as stated.

18. Denied as stated.

19. Denied.

20. Denied.

21. Defendants lack information and belief sufficient to answer the allegations in paragraph 21 of the Complaint, and, therefore, deny such allegations.

22. Admitted that plaintiff was charged with the offenses outlined in paragraph 22. The remaining allegations in paragraph 22 are denied as stated.

23. Answering defendants incorporate the responses to paragraphs 1 through 22 by reference as though fully set forth herein.

24. Denied as stated.

25. Denied.

26. Denied.

27. Denied.

28(a)-(b).   Denied.

29. Answering defendants incorporate the responses to paragraphs 1 through 28 by reference as though fully set forth herein.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34(a)-(b). Denied.

35. Answering defendants incorporate the responses to paragraphs 1 through 34 by reference as though fully set forth herein.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40(a)-(b). Denied.

41. Answering defendants incorporate the responses to paragraphs 1 through 40 by reference as though fully set forth herein.

42. Admitted only that Officers Carnevale, Zullo and Fitzwater were acting as County police officers. The remaining allegations of paragraph 42 of the complaint are denied as stated.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50(a)-(b). Denied.

51. Answering defendants incorporate the responses to paragraphs 1 through 50 by reference as though fully set forth herein.

52. Denied.

53. Denied.

54(a)-(b). Denied.

55. Denied.

56. Answering defendants incorporate the responses to paragraphs 1 through 55 by reference as though fully set forth herein.

57. Denied.

58. Denied as stated.

59(a)-(b). Denied.

60. Denied.

Defendants deny any allegations which have not been specifically admitted.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The claims alleged in the complaint fail to state a Federal or State claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff is not entitled to the relief petitioned for in the complaint or any other relief by virtue of the matters set forth in the complaint.

### Third Affirmative Defense

The claims alleged in the complaint are barred by the County and Municipal Tort Claims Act, 10 *Del.C.* § 4010, *et seq.*

### Fourth Affirmative Defense

Plaintiff's damages, if any, are limited by 10 *Del.C.* § 4013, *et seq.*

**Fifth Affirmative Defense**

Answering defendants are immune from liability for punitive damages.

**Sixth Affirmative Defense**

Answering defendants were not negligent, reckless, willful, wanton, unlawful or malicious.

**Seventh Affirmative Defense**

Any damages or injuries, constitutional or otherwise, suffered by plaintiff, to the extent actually incurred, were not caused by any conduct, action, inaction, policy, practice, custom or deliberate indifference of or by answering defendants.

**Eighth Affirmative Defense**

The actions and conduct of answering defendants, to the extent they occurred as alleged, were undertaken in a good faith performance of official duties, without wantonness or malice, and were therefore, privileged under applicable law.

**Ninth Affirmative Defense**

Answering defendants enjoy sovereign and/or qualified immunity for the acts alleged by plaintiff.

**Tenth Affirmative Defense**

Plaintiff's claims are barred against New Castle County because it has no *respondeat superior* liability with respect to any of the wrongful acts alleged.

Defendants preserve herein any and all other affirmative defenses that may become apparent during discovery or otherwise during the course of this case.

WHEREFORE, defendants respectfully request that this Honorable Court dismiss the Complaint with prejudice, enter judgment in their favor, and award attorneys fees, costs of suit and other such relief as the Court deems just and proper.

NEW CASTLE COUNTY LAW DEPARTMENT

/s/ *Megan Sanfrancesco*
Megan Sanfrancesco (# 3801)
First Assistant County Attorney
87 Reads Way
New Castle, DE  19720
(302) 395-5130
*Attorney for Defendants*

Date:  May 9, 2008